UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTIGONUS CAMPBELL,

                    Plaintiff,

v.

CITY OF DETROIT, et al.,

                    Defendants.
_____/

CIVIL ACTION NO. 04-74730

DISTRICT JUDGE PAUL D. BORMAN

MAGISTRATE JUDGE DONALD A. SCHEER

## REPORT AND RECOMMENDATION

I.   **RECOMMENDATION**:

      I recommend that Defendant, City of Detroit's Motion for Dismissal be denied.  I further recommend that a Scheduling Order be issued, granting Plaintiff a limited time within which to complete Service of Process upon Defendants added by way of the First Amended Complaint, and imposing aggressive deadlines for completion of discovery and the filing of dispositive motions.

II.   **REPORT**

      A.   **Procedural History**

      The original Complaint in this action was filed December 3, 2004.  Plaintiff was initially represented by Michael A. Sinutko.  Defendant Detroit Police Department filed its Answer on December 21, 2004, and the district judge entered a Scheduling Order on February 8, 2005.  On June 6, 2005, Plaintiff's current attorney, David M. Sinutko, entered his appearance, following the death of his brother.

      On June 22, 2005, the district judge amended the Scheduling Order based on a Stipulation of the parties.  On June 27, 2005, a similar Stipulation resulted in an Order

amending the case caption.  On January 25, 2006, the district judge entered an Order permitting Plaintiff to amend his Complaint, based upon a Stipulation submitted by Plaintiff's counsel, upon which he had executed the signature of Defendants' attorney (and subscribed his own initials to indicate that he had done so).  On March 22, 2006, Plaintiff filed his Amended Complaint naming several individual Defendants.  The court issued a Notice to counsel that a final pre-trial conference would be held on July 17, 2006.  (Docket No. 12).  That conference, however, was not held, due to the failure of Defendants' attorney to appear.  A Status Conference was conducted on August 1, 2006, during which the validity of the Stipulation permitting the amendment of the Complaint was questioned.  It was decided Plaintiff would be required to file a Motion for Leave to Amend His Complaint. That Motion was filed on August 31, 2006, and referred to the undersigned magistrate judge for hearing and determination.  Following a hearing on September 28, 2006, I entered an Order granting leave to amend the Complaint.[1]  Thereafter, no action was taken on the case until the filing of the instant Motion to Dismiss by the Defendant on January 31, 2007. Defendant's Motion is premised upon Fed.R.Civ.P. 41(b).

**B.    Analysis**

Fed.R.Civ.P. 41(b) provides as follows:

> **(b) Involuntary Dismissal: Effect thereof.**  For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.  Unless the court in its order for dismissal otherwise specifies, a dismissal under this

_____

[1]  Attached to Plaintiff's Motion to Amend Complaint was a copy of a transcript reflecting that Defendants' counsel, Mr. Merkerson, did agree that Plaintiff would be permitted to file an Amended Complaint naming individual Defendants who might be identified during an extended period of discovery.

2

subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed.R.Civ.P. 41(b).

Fed.R.Civ.P. 4(m) provides as follows:

**(m) Time Limit for Service.**  If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.  This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

Fed.R.Civ.P. 4(m).

## C.   Analysis

Defendant City of Detroit's Motion for Dismissal is premised upon the failure of Plaintiff's counsel to prosecute his case with reasonable dispatch.  The motion is far from frivolous.  Plaintiff was granted leave to file his Amended Complaint on September 28, 2006.  To date, however, none of the Defendants whom Plaintiff sought to add to the case has been served with Summons and a copy of the Amended Complaint.  The greatest share of responsibility for the lack of progress in the case is attributable to Plaintiff's current counsel.  Nonetheless, for reasons discussed below, I recommend that the Defendant's Motion to Dismiss be denied, and that a Scheduling Order be entered to place this matter on a fast track to conclusion.

3

In our circuit, four factors are employed in assessing the appropriateness of dismissing a Complaint for failure to prosecute: (1) whether the party's failure is due to wilfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate would lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal.  Knoll v. American Tell and Tell, 176 F.3d 359 (6th Cir. 1999); Stough v. Mayville Community Schools, 138 F.3d 612, 615 (6th Cir. 1998).

The original Complaint was filed on Plaintiff's behalf by attorney Michael A. Sinutko. The Complaint alleged malicious prosecution and civil rights violations by Defendant City of Detroit Police Department and various unnamed police officers.  The City was served with Summons and Complaint within five days of the filing of the action, and Defendant Detroit Police Department filed its Answer less than three weeks into the litigation.  The district judge entered a Scheduling Order on February 8, 2005.  Prior to the discovery cut-off date, however, attorney Michael A. Sinutko died.  On June 6, 2005, Plaintiff's present attorney entered his appearance on behalf of Plaintiff.  David Sinutko reported at the hearing of the instant motion that he undertook the representation of many of his deceased brother's clients, in addition to his own caseload.  Within three weeks after his appearance in this case, the parties entered stipulations to amend the Scheduling Order and the caption of the case.  Discovery was extended to the end of October 2005, with a deadline for dispositive motions one month later.

On January 25, 2006, Plaintiff's counsel submitted a Stipulation and proposed Order to allow Plaintiff to file an Amended Complaint naming individual Defendants.  As is common, Plaintiff's counsel executed the signature of defense counsel, and initialed the

4

same.  The district judge signed the Order granting Plaintiff fourteen days within which to file an Amended Complaint.  That pleading, however, was not filed until March 22, 2006.  On June 6, 2006, the court issued a Notice setting a Pretrial Conference for July 17, 2006.  That conference, however, was not conducted, due to the failure of Defendants' counsel to appear.  The conference was reset for August 1, 2006.  Plaintiff filed his Pretrial Statement on July 31, 2006.

A status conference was conducted on August 1, 2006, during which the Defendant City of Detroit contested the validity of the Stipulation underlying the court's Order granting Plaintiff an opportunity to amend the Complaint.  The court determined that Plaintiff should file a Motion for Leave to Amend.  That motion was filed August 31, 2006, and referred to the undersigned magistrate judge for hearing and determination.  The Defendant filed a Response in Opposition to the proposed amendment.  Following a hearing, I granted the Motion to Amend on September 28, 2006.  My Order was based substantially upon Plaintiff's submission of a transcript reflecting an agreement by counsel for both parties that Plaintiff would be permitted to file an Amended Complaint naming individual defendants.  Unfortunately, following my Order granting leave to file an Amended Complaint, Plaintiff took no further action until the instant Motion to Dismiss was filed.

Considering the first factor enunciated in Knoll, I find that the failure of Plaintiff's counsel to act following by Order of September 28, 2006 was not due to wilfulness or bad faith.  While I conclude that the First Amended Complaint should have been filed pursuant to my Order, I do not consider the failure to do so to be a fatal fault.  Fed.R.Civ.P. 15 provides that, after a responsive pleading has been filed, a party may amend its Complaint only by leave of court or by written consent of the adverse party.  Based upon the

declaration of Defendants' attorney, Mr. Merkerson on October 13, 2005, that he had agreed that Plaintiff's counsel could file an Amended Complaint, I find that Mr. Sinutko could reasonably have believed that his Stipulation and proposed Order of January 25, 2006 was in compliance with the Rule. Based upon the court's entry of that Order, the First Amended Complaint was docketed (Docket Entry No. 10). The district judge later determined that Plaintiff should file a formal Motion to Amend the Complaint, and that was done. When I granted the Motion, it was not totally unreasonable for Plaintiff's counsel to assume that a second filing of the same Amended Complaint that had been received in the record (and never stricken from it) was unnecessary. That conclusion certainly does not explain, or justify, Plaintiff's failure to serve the Amended Complaint and Summons upon the newly named Defendants. He most certainly should have done so within the time limits prescribed under Fed.R.Civ.P. 4(m). Counsel's explanation for his failure to do so is that no Scheduling Order issued from the court following the granting of his Motion to Amend. While that fact is no justification for his failure to serve the newly named Defendants, I do not consider counsel's inaction, standing alone, to warrant the dismissal of his client's case. I conclude that Mr. Sinutko was overburdened in his effort to prosecute his brother's caseload as well as his own. His client should not be punished for his attorney's lapse.

Applying the second factor, I do not find that Defendant has demonstrated prejudice by reason of Plaintiff's delay. While it can reasonably be assumed that any significant delay in litigation increases the risk of lost evidence and diminished recollection, I do not believe that Defendant City of Detroit has demonstrated any clear prejudice. Since Plaintiff bears the burden of proof on each essential element of his claim, it can reasonably be assumed that any effects of delay on the ability to present evidence will more severely

impact him.  All defenses available to the Defendants on September 28, 2006 remain available to them.  Defense counsel contributed to the confusion and delay surrounding the filing of the Amended Complaint by declaring agreement to its filing, only to deny agreement afterwards.  In the absence of a specific showing of prejudice, I do not consider the circumstances of this case to warrant a finding in Defendants favor on factor number 2.

Nor do I find that factors 3 and 4 militate in favor of a dismissal of Plaintiff's case. There is no evidence that Plaintiff was warned that his failure to aggressively prosecute his case could lead to dismissal.  Counsel should, however, have been aware of the time limits for Service of Process, as well as the provisions in Rules 4 and 41 providing for dismissal upon failure to pursue a claim.  As to factor 4, I am satisfied that a reasonable alternative sanction in the form of an aggressive scheduling order is a better alternative to outright dismissal.

A number of facts underlie my conclusions as to the analytical factors.  The death of Mr. Sinutko's brother imposed a significant additional burden upon his time and energies. The conduct of counsel for Defendant related to the filing of the Amended Complaint added, in my view, to the confusion surrounding that pleading.  In addition, my own Order Granting the Motion to Amend should have been more comprehensive.  I could, for example, have deemed the First Amended Complaint already in the record to be "filed" as of the date of my Order granting Plaintiff's motion.  It is also true that no Scheduling Order was entered following the granting of leave to amend.  Plaintiff's counsel reported at the motion hearing that a member of the court's administrative staff reported to him that the case had "fallen through the cracks."  Ultimately, my recommendation against dismissal is

7

based upon the fact that such action would work primarily to the determent of the individual Plaintiff himself, and not to his counsel. While the Supreme Court has held that "[t]here is . . . no merit to the contention that dismissal of [a plaintiff's] claim because of his counsel's unexcused conduct imposes an unjust penalty on the client," the sanction of dismissal runs counter to the deeply rooted judicial policy favoring determination of cases on their merits. Our Circuit Court of Appeals "has expressed an extreme reluctance to uphold the dismissal of a case merely to discipline a party's attorney." Mulbah v. Detroit Board of Education, 261 F.3d 586, 590 (6th Cir. 2001); Knoll v. American Tell and Tell, 176 F.3d 359, 363 (6th Cir. 1999).

Because dismissal is such a harsh remedy, and for all of the reasons discussed herein, I recommend that Defendant City of Detroit's Motion for Dismissal be denied. I further recommend that the court enter a Scheduling Order granting Plaintiff 60 days within which to serve Summons and the Amended Complaint upon the newly named Defendants, and an additional 90 days within which the parties must complete discovery. I further recommend that any significant future failure on the part of Plaintiff's counsel to comply with the court's Scheduling Order, the Federal Rules of Civil Procedure, or this court's Local Rules, be viewed as grounds for dismissal of the Amended Complaint.

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v.

Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: April 5, 2007

---

**CERTIFICATE OF SERVICE**

I hereby certify on April 5, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 5, 2007. **David Sinutko.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217

9
